IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR-05-117-GF-DLC-RKS-01 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JACOB ALLEN WHITE, | |
| Defendant. | |

**I. Synopsis**

Mr. White was accused of violating the conditions of his supervised release by refusing to submit to alcohol testing, failing to attend chemical dependency treatment sessions, and consuming alcohol. He admitted to the violations. Mr. White's supervised release should be revoked. He should be ordered to serve eight months in prison, but supervised release should be discontinued.

**II. Status**

Mr. White plead guilty in 2005 to burglary. Doc. 17. He committed the offense while intoxicated. Doc. 48 at 2. Mr. White was sentenced to 28 months

1

imprisonment and three years supervised release Doc. 21.  Mr. White's supervised release was revoked in 2010 because he violated the conditions by consuming alcohol and methamphetamine.  Docs. 24, 36.  He was ordered to serve 10 months in custody, and to remain on supervision for 26 months after his release.  Doc. 36.  Mr. White's current term of supervision began on September 30, 2011.

In February 2013, Mr. White's probation officer filed a "Report on Offender under Supervision," alleging Mr. White violated his conditions by driving under the influence of alcohol in violation of Montana law.  The report did not seek revocation of Mr. White's supervised release, but warned that additional violations could lead to formal action.  Doc. 47 at 2.

**Petition**

The United States Probation Office filed a petition on October 15, 2013, alleging new violations and asking the court to revoke Mr. White's supervised release.  The petition alleged that Mr. White violated three conditions of his supervised release.  It alleged he: 1) violated Special Condition 1 by refusing to submit to an alcohol test on October 7, 2013; 2) violated Special Condition 2 by failing to report for scheduled chemical dependency treatment sessions in February, May, June and September of 2013; and 3) violated Special Condition 3 by consuming alcohol on September 12 and October 7, 2013.  Doc. 48 at 2-4.

2

Based on the petition, the undersigned issued a warrant for Mr. White's arrest. Doc. 49.

**Initial appearance**

Mr. White was arrested October 23, 2013. He made an initial appearance before the undersigned on October 24. He was accompanied by Federal Defender Anthony Gallagher, who was appointed as counsel. Assistant United States Attorney Ryan Weldon appeared on behalf of the United States. Mr. White said he had reviewed and understood the petition. He was advised of his rights, including the right to a preliminary hearing, which he declined.

The undersigned discussed the Findings and Recommendations procedure with Mr. White, explaining that the undersigned would submit a recommendation to District Judge Dana L. Christensen, who will decide whether to revoke supervised release and impose a sanction. Mr. White was advised that he will have 14 day to object to the recommendation before Judge Christensen makes a decision. Mr. Gallagher said the defendant was ready to proceed to a revocation hearing immediately, so it commenced. Doc. 50.

**Revocation hearing**

Mr. White admitted to violating conditions of his supervised release, as alleged in the petition. However, Mr. Gallagher noted that Mr. White was not admitting to any other violations of law alleged in the narrative portion of the petition. The undersigned believes Mr. White's admission establishes violations of his release conditions, and that the violations warrant revocation of Mr. White's supervised release.

The undersigned addressed the potential sanctions. Mr. White's violation is Grade C. His criminal history category is II. His underlying conviction is for a Class C felony. Mr. White could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 4 to 10 months incarceration. Mr. White could be committed to an additional 26 months supervised release, less any custodial time imposed. Mr. Gallagher and Mr. Weldon agreed with those calculations.

Mr. Gallagher requested a sanction of six months incarceration but no additional supervised release. Mr. Gallagher noted that Mr. White had almost completed his period of supervised release; he had only a month remaining when the petition was filed. Mr. Gallagher said that Mr. White struggles with alcoholism, and succumbed to the addiction in part because of depression and unemployment. Mr. Gallagher acknowledged Mr. White's breach of the court's

4

trust. However, Mr. Gallagher explained that Mr. White is now facing additional sanctions for an underlying offense committed seven years ago, demonstrating that supervised release has not been effective. Mr. Gallagher argued that supervised release should therefore be terminated.

Mr. White addressed the court. He said he had been doing well on supervised release, but turned to alcohol to cope with the recent death of his son. He said he has the tools to stay sober under most circumstances, but was overwhelmed by that loss. Mr. White acknowledged that he has been in trouble most of his life, and wants to put that behind him. He explained that as he neared the conclusion of his supervised release period, he felt trepidation about living without oversight. Still, Mr. White said he is ready for a fresh start.

Mr. Weldon requested a sentence of 10 to 12 months incarceration. Mr. Weldon noted that Mr. White has previously had his supervised release revoked for violations of the conditions, and has already been formally warned for alleged violations during this period of supervised release.

**III. Analysis**

Mr. White's supervised release should be revoked, as he admitted to violating three conditions of his supervised release after a formal warning for other alleged noncompliance.

Mr. White should be ordered to serve 8 months in prison.  A sanction in the middle of the guideline range is appropriate.  Mr. White does have a history of violations and alleged violations.  The violations in this case where related to alcohol, which contributed to Mr. White's underlying offense.  On the other hand, he did have a significant period of compliance prior to the current violations.  Mr. White's explanation that he succumbed to alcohol after his son's death was compelling, and his expressed desire to abide by the law in the future appeared sincere.

No additional supervised release should be imposed.  The United States did not ask for supervised release, and it has not been effective for Mr. White.

**IV. Conclusion**

Mr. White was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition.  Mr. White was reminded that he has a right to object to this recommendation within 14 days of its issuance.

The court **FINDS:**

1. Mr. White violated Special Condition 1 of his supervised release by refusing to submit to a breathalyzer test on October 7, 2013.

2. Mr. White violated Special Condition 2 of his supervised release by failing to report to chemical dependency treatment sessions on February 27, 2013; May 10, 2013; June 19, 2013; and September 27,

2013.

3.  Mr. White violated Special Condition 3 of his supervised release by consuming alcohol on September 12, 2013 and October 7, 2013.

The court **RECOMMENDS:**

1.  The District Court should enter the attached Judgment, revoking Mr. White's supervised release and ordering him into the custody of the United States Bureau of Prisons for 8 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Dated the 28th day of October, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge